**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Application of
DIAMOND FAMILY FOUNDATION,

For an Order to Conduct Discovery for

Use in Foreign Proceedings

Case No. 20 Misc_____

***EX PARTE* APPLICATION FOR JUDICIAL**
**ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

DIAMOND FAMILY FOUNDATION ("Applicant"), respectfully submits this *Ex Parte* Application for Judicial Assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary evidence for use in a foreign proceeding, as described below ("Application"). In support, Applicant states as follows:

**INTRODUCTION**

1.     The facts relevant to this Application are set forth below and in the Declaration of Michele Caratsch ("Caratsch Decl."), which is being filed contemporaneously herewith. The facts stated in the Declaration are incorporated herein by reference.

2.     Applicant seeks assistance from the United States District Court for the Southern District of New York to obtain documentary evidence from The Clearing House Payments Company L.L.C. (the "Clearing House" or "Discovery Target"), which resides or is found in this District. The evidence is for use in a civil proceeding currently pending before proceeding pending before the District Court of Zurich (the "Primary Foreign Proceeding") and, in the event that the Primary Foreign Proceeding is dismissed, the evidence will be for use to support

-1-

Applicant's filing of a counterclaim for money damages before the District Court of Zurich (the "Contemplated Foreign Proceeding"). Caratsch Decl., ¶¶3, 18.

3. The Clearing House regularly transacts business in this District and is believed to be headquartered at 1114 Avenue of the Americas, 17th Floor, New York, NY 10036. Caratsch Decl., ¶22. The Clearing House operates the Clearing House Interbank Payment System ("CHIPS"), a funds-transfer system that processes payment messages between banks.

4. As more specifically set forth in the Caratsch Declaration, Applicant is the defendant in a civil proceeding commenced by Pancheron Global Limited as assignee of Rough Family Foundation, whereby Pancheron Global Limited obtained an attachment order against Applicant's bank account in Switzerland on the false and unsupported claim that Applicant is liable for repayment of an alleged 21-year old oral loan agreement between Applicant and Rough Family Foundation. Caratsch Decl., ¶¶4-9.

5. The attachment order is the sole jurisdictional basis for Pancheron Global Limited's lawsuit, which will allow the Zurich District Court to adjudicate the merits of Pancheron Global Limited's allegations regarding the alleged 21-year old oral loan agreement. Caratsch Decl. ¶12. Relevantly, and as previewed above, Pancheron Global Limited obtained its attachment order without presenting the requisite evidence and, moreover, submitted no evidence to support its allegation that, 21 years ago Applicant orally agreed to enter into a US$5 million loan agreement.  Caratsch Decl., ¶¶4, 8-9.

6. Applicant has suffered significant damages as a result of Pancheron Global Limited's frivolous application and the resulting attachment of Applicant's bank account in Switzerland. Caratsch Decl., ¶14. Accordingly, Applicant intends to file a counterclaim for

money damages against Pancheron Global Limited, Rough Family Foundation, and the mastermind behind the proceedings, Mr. Rajesh Mehta (the "Foreign Defendants"). Id.

7.      Under the applicable Swiss law, Applicant must establish that the Foreign Defendants hold bank accounts in Switzerland in order to establish that the Swiss court has jurisdiction to entertain Applicant's counterclaim. Caratsch Decl., ¶15. This is especially true if Pancheron Global Limited's attachment order is lifted, since the attachment order is the sole jurisdictional basis for the Primary Foreign Proceeding. Id. In that case, Applicant will file an original action for money damages against the Foreign Defendants and, similarly, will need to seek an attachment order against Foreign Defendant's accounts in Switzerland in order to establish jurisdiction. Id.

8.      Accordingly, the present Application seeks to obtain information to confirm that the Foreign Defendants have USD-denominated bank accounts in Switzerland, which will be used to establish jurisdiction over the Foreign Defendants in the Contemplated Foreign Proceeding by requesting that the Swiss court enter an attachment order over said accounts. Caratsch Decl., ¶17. The normal practice is for the moving party for an attachment order to adduce some evidence of a link between a defendant and a Swiss bank, including a bank account number. Id. Such evidence will allow Applicant to move for an attachment order in summary proceedings, establish jurisdiction, and subsequently have its material claim entertained by a Swiss court in ordinary proceedings as long as the attachment order is in place. Id.

9.      Should the Court grant the Application, Applicant proposes to serve the sample subpoena attached as **Exhibit A** on The Clearing House.

10.     As demonstrated below, Applicant meets the statutory requirements under 28 U.S.C. § 1782, and the discretionary factors weigh in favor of granting the relief requested in this Application.

## ARGUMENT

### I.     Standard for Granting Relief

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).  Section 1782 "provide[s] for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. at 248.  The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.  A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2016).

Courts have distilled § 1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. First,

> A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

Mees v Buiter, 793 F.3d 291, 297 (2d Cir. 2015); Optimal Inv. Servs., S.A. v. Berlamont, 773 F.3d 456, 460 (2d Cir. 2014); Mare Shipping Inc. v. Squire Sanders (US) LLP, 574 F. App'x 6, 8 (2d Cir. 2014) (summary order); accord Intel, 542 U.S. at 256-63 (addressing the factors).[1]

Next, once a District Court has determined that the mandatory requirements for relief under § 1782 are met, the court is free to grant discovery in its discretion. Mees v Buiter, 793 F.3d at 297. To aid that discretion, the Intel Court delineated the following four factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the Unites States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65; Mees, 793 F.3d at 298 (reciting factors).

---

[1]     District courts may, and indeed typically do, grant § 1782 on an *ex parte* basis. Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3).") (citing further authority therein) (summary order).

As demonstrated below, Applicant satisfies the statutory requirements and, therefore, this Court should grant the relief sought in the Application.

## II.    Applicant Meets the Mandatory Requirements for Granting Relief

### A.    The Discovery Target Resides or is Found in This District

The court's authority to compel discovery under § 1782 extends to any "person," including both individuals and entities, that "resides or is found in" the district in which the application is made. 28 U.S.C. § 1782(a). An entity "resides or is found in" this District if this Court can exercise personal jurisdiction over it. See In re del Valle Ruiz, 939 F.3d 520, 528 (2d Cir. 2019) (the "reside or is found" statutory "language extends § 1782's reach to the limits of personal jurisdiction consistent with due process").

Here, this Court has personal jurisdiction over The Clearing House because it has its principal place of business in this District and regularly transacts business in this District. More specifically, the Clearing House is headquartered at 1114 Avenue of the Americas, 17th Floor, New York, NY 100036. See Caratsch Decl. ¶22. This Court also has personal jurisdiction over the Clearing House because it is located in and transacts its relevant business for purposes of this matter—i.e., processing and maintaining records of payment messages between banks—in this District, therefore establishing personal jurisdiction over them and satisfying the first mandatory requirement of § 1782. See  In re del Valle Ruiz, 939 F.3d 520, 530 (2d Cir. 2019) (a court has specific jurisdiction over a non-party in the § 1782 context if the non-party's activity in the forum is the reason that the evidence sought is available).

Accordingly, Applicant satisfies the first requirement under § 1782.

**B.**     **The Discovery Sought is For Use in a Proceeding in a Foreign Tribunal**

11.     Likewise, Applicant satisfies the second statutory requirement, because the discovery sought through the instant Application is for use in the Primary and Contemplated Foreign Proceedings. Caratsch Decl., ¶18. Specifically, Applicant will use documentary evidence obtained from the Clearing House in order to establish the jurisdictional basis for Applicant's counterclaim for money damages in the Primary Foreign Proceeding or, if that proceeding is dismissed upon the lifting of the attachment order, to establish the jurisdictional basis to bring an original action for money damages against the Foreign Defendants in the Contemplated Foreign Proceeding. Id.

The Second Circuit in Euromepa explained that the "for use in a proceeding in a foreign or international tribunal" factor turns on (1) whether there actually is a foreign proceeding; and (2) whether the foreign proceeding is adjudicative in nature. Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24, 27 (2d Cir. 1998). The Second Circuit has also held that a § 1782 application's "for use" requirement is satisfied by showing that the materials the applicant seeks will be used at some stage of a foreign proceeding that is within reasonable contemplation at the time the application is made. Mees, 793 F.3d at 301. The court elaborated "[t]he plain meaning of the phrase "for use in a proceeding" indicates something that will be employed with some advantage or serve some use in the proceeding – not necessarily something without which the applicant could not prevail." Mees at 298. The court further noted, "Under § 1782, an applicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase her chance of success." Id. at 299.

While the discovery is sought to establish that the Swiss court has jurisdiction over the Primary Foreign Proceeding and/or the Contemplated Foreign proceeding, the Swiss court will

adjudicate Applicant's alleged liability for repayment of the 21-year old oral loan agreement. Caratsch Decl., ¶¶12, 18, 20. Accordingly, the Primary Foreign Proceeding and the Contemplated Foreign Proceedings before the District Court of Zurich satisfy the second mandatory requirement of § 1782(a).

### C.     Applicant is an Interested Person

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance… qualifies as an interested person within any fair construction of that term." Intel, 542 U.S. at 256-7 (2d Cir. 2004) (internal citations omitted).  "The legislative history to § 1782 makes plain that 'interested person' includes a party to the foreign litigation."  See Lancaster Factoring Co. Ltd. v. Mangone, 90 F.3d 38, 42 (2d Cir. 1996) (internal citations omitted). Here, Applicant is an "interested person" in its capacity as defendant in the Primary Foreign Proceeding and putative counterclaimant in the Contemplated Foreign Proceeding. Caratsch Decl., ¶26.  Hence, Applicant meets the third statutory requirement under 28 U.S.C. § 1782(a).

### III.     This Court Should Exercise its Discretion in Favor of Granting Relief

As noted above, once the District Court has determined that the mandatory requirements for relief under § 1782 are met, the Court is free to grant discovery in its discretion. Optimal Inv. Servs., S.A., 773 F.3d at 460.[2] Additionally, that discretion must be guided by the twin policy

---

[2]     The four factors guiding that discretion again are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65.

aims of § 1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.  Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 81 (2d Cir. 2012). Here, these discretionary factors weigh in favor of granting the requested relief.

First, the Discovery Target is not a party to the Primary Foreign Proceeding or the Contemplated Foreign Proceeding. Moreover, there is no expectation that the Discovery Target will be a party to either the Primary Foreign Proceeding or the Contemplated Foreign Proceeding. See Caratsch Decl., ¶23.  Accordingly, this factor weighs in favor of granting the Application.  See Intel, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").

Second, counsel retained in the Primary Foreign Proceeding has advised that there is no indication that the courts in Switzerland would not be receptive to the documentary evidence sought through the instant Application.  See Caratsch Decl., ¶24.  Even if the documents were not used as evidence in those proceedings, the Second Circuit has held that Section 1782(a) contains no requirement that particular evidence is admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal." Brandi-Dohrn, 673 F.3d at 77.

Third, counsel retained in the Primary Foreign Proceeding has advised Applicant that the evidence sought through the instant Application would likely be admissible and does not otherwise circumvent any proof-gathering restrictions in Switzerland. See Caratsch Decl., ¶24.

Lastly, this Application is not unduly intrusive or burdensome. The proposed requests to the Discovery Target, demonstrated in the form of subpoena attached as **Exhibit A**, are narrowly tailored to discover information from August 5, 2013, to the date of this Application. Caratsch Decl., ¶25.  Finally, the information sought is the type of evidence that the Discovery Target

regularly retrieves and produces as a third party or actual party in the litigation. Id.

As such, each discretionary factor identified by the Intel Court weighs in favor of granting the Application.

WHEREFORE, Applicant respectfully requests that this Court enter an Order, in the proposed, or substantially similar, form as the accompanying Proposed Order:

(a)    exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Ex Parte Application for Judicial Assistance;

(b)    granting Applicant leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoena on The Clearing House, in substantially the same form as the subpoena attached as Exhibit A to this Application;

(c)    reserving jurisdiction to grant Applicant leave to serve follow-up subpoenas on any other person or entity as may be necessary to obtain the evidence described in the Application; and

(d)    granting such other and further relief as this Court deems just and proper.

August 20, 2020

Respectfully submitted,
/s/_____
Thomas Vandenabeele
KELLNER HERLIHY GETTY &
FRIEDMAN LLP
Attorneys for Applicant, Diamond Family
Foundation
470 Park Avenue South – 7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: tv@khgflaw.com

and

SEQUOR LAW, P.A.
1111 Brickell Ave., Ste. 1250
Miami, Florida 33131
(305) 372-8282
(305) 372-8202 (fax)
Cristina Vicens Beard
Florida Bar No. 111357

*Counsel for the Applicant, Diamond Family Foundation*