UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of
DIAMOND FAMILY FOUNDATION,

For an Order to Conduct Discovery for
Use in Foreign Proceedings

Case No. 1:20-mc-00291-SHS

## PROTECTIVE ORDER

**WHEREAS**, on August 20, 2020, Diamond Family Foundation ("**Applicant**") filed its *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "**Application**" (Dkt. No. 1)), seeking discovery for use in the proceeding pending before the District Court of Zurich, Case No. EQ200136-L/sb (the "**Primary Swiss Proceeding**") or, alternatively, in contemplated proceedings for money damages in Switzerland against certain defendants as described below (the "**Contemplated Proceeding**");

**WHEREAS**, on November 10, 2020 the District Court of Zurich dismissed the Primary Swiss Proceeding and awarded CHF 30,000.00 in costs to Applicant (the "**Costs Award**");

**WHEREAS**, Applicant sought in its Application to serve The Clearing House Payments Company L.L.C. ("**The Clearing House**") with a subpoena (the "**Subpoena**," and any documents or information produced in response, the "**Discovery Material**") for records of wire transfers processed through the Clearing House in which the search terms Pancheron Global Limited (a/k/a Pancheron Global and Pancheron Global Ltd), Rough Family Foundation, and Rajesh Mehta (a/k/a Rajesh Kishor Mehta and Rajesh K. Mehta (together, the "**Intervenors**") appear in a wire/payment message. The request was limited to transactions reflecting accounts in Switzerland for any of the Intervenors;

**WHEREAS**, on December 23, 2020, United States District Court Judge Sidney H. Stein

(the "**Court**") of the Southern District of New York ("**SDNY**") issued an order (Dkt. No. 6), granting the Application and limiting the request in the Subpoena to transactions initiated or received by the Intervenors after December 23, 2015, reflecting accounts in Switzerland;

**WHEREAS**, between March 12 and March 22, 2021, counsel for Applicant and counsel for Intervenors conferred in good faith in an attempt to resolve Intervenors' objections to the disclosure of allegedly confidential information, but were unable to reach a resolution;

**WHEREAS** on March 23, 2021, Intervenors sent a letter to the Court (Dkt. No. 8) objecting to the disclosure of allegedly confidential information and requesting among other things the entry of a protective order;

**WHEREAS**, on April 5, 2021, the Court held a telephonic informal conference (the "**Hearing**") to resolve Intervenors' objections to the Subpoena;

**WHEREAS**, at the Hearing, Intervenors sought a protective order that provided for, *inter alia*, the attorneys' eyes only treatment of all documents and information produced by The Clearing House so that Applicant does not become privy to the Discovery Material;

**WHEREAS**, at the Hearing, Applicant opposed Intervenors' request for attorneys' eyes only treatment of the Discovery Material on the ground that Intervenors did not make a showing that they would suffer a specific harm as a result of the disclosure of the Discovery Material and on the grounds described in the March 24, 2021 correspondence (Dkt. No. 9);

**WHEREAS**, at the Hearing, the Court ordered counsel for Applicant and Intervenors to submit a joint proposed protective order for the Court's consideration;

**WHEREAS** the Applicant and Intervenors have met and conferred in good faith to that end.

IT IS HEREBY ORDERED, pursuant to 28 U.S.C. § 1782 and Federal Rule of Civil Procedure 26(c), as follows:

1. **Scope**

This Protective Order applies to, and is intended to protect, documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule), that are produced or disclosed by The Clearing House pursuant to the Subpoena. Discovery Material also includes excerpts, summaries, compilations, or other derivatives of such Discovery Material.

2. **Use of Discovery Material, Generally**

Subject to the conditions in Section 3, *infra*, Applicant, through Outside Counsel as defined below, shall use the Discovery Material exclusively (1) in the course of the Contemplated Proceeding, (2) any proceedings brought to enforce an enforceable money judgment awarded by a Swiss Court in the Contemplated Proceeding, or (3) in furtherance of Applicant's efforts to enforce the Costs Award and for no other purpose. Neither Applicant nor its counsel shall disclose the Discovery Material to any other person or party.

3. **Use of Discovery Material Subject to Satisfaction of Costs Award**

Intervenors shall satisfy the Costs Award, inclusive of any interest applicable under Swiss law, within thirty (30) days of entry of this Protective Order. The Parties agree that, upon satisfaction of the Costs Award, the Discovery Material shall be used by Applicant exclusively in the course of the Contemplated Proceeding or in any proceedings brought to enforce any enforceable money judgment awarded by a Swiss Court in the Contemplated Proceeding and for no other purpose. If Intervenors fail to timely satisfy the Costs Award, then the Discovery Material may also be used in furtherance of Applicant's efforts to enforce the Costs Award.

Before any Discovery Material or any portion thereof is filed in the Contemplated Proceeding or any proceeding to enforce a money judgment granted to Applicant in the Contemplated Proceeding, Applicant's Outside Counsel shall redact such Discovery Material so that the unredacted portions are limited to the name of the account holder of any Intervenor's Swiss bank account, the account number associated therewith, and the name and address of the financial institution where the account is held. The redacted Discovery Material (included any un-redacted portions thereof) shall be otherwise treated in the same manner as other Discovery Material, consistent with the terms of this Protective Order, except that Applicant shall be permitted to view the un-redacted portions of the redacted Discovery Material.

**4.     Initial Delivery of Discovery Material to Intervenors**

Applicant shall produce any Discovery Material received from The Clearing House to counsel for Intervenors within three (3) business days of Applicant's receipt.

**5.     Attorneys' Eyes Only Treatment of Discovery Material**

Upon production by the Clearing House, Applicant's counsel of record in this proceeding shall cause all Discovery Material to bear the designation HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY and be treated as Attorneys' Eyes Only Information by Applicant's counsel, and disclosed only to the Court and to Applicant's Outside Counsel. Applicant's counsel of record in this proceeding shall ensure that such a designation is affixed to all Discovery Material within the earlier of three (3) business days of receipt or the date on which it provides Discovery Material to the Intervenors.

For purposes of this Protective Order, "**Outside Counsel**" means an external law firm retained by Applicant as counsel of record in connection with the 1782 Proceeding, the Contemplated Proceeding, any proceedings brought to enforce any relief awarded by a Swiss Court

in the Contemplated Proceeding, or in any proceeding to enforce the Costs Award, and agents of such external law firm acting under such counsel's supervision, including all attorneys, retained consultants and non-testimonial expert witnesses (all of whom except for Applicant's counsel of record in the 1782 proceeding must execute an "Agreement to Abide by Protective Order" in the form attached hereto as Exhibit A), and staff, clerical and support personnel affiliated with or employed by the foregoing, but only to the extent such persons are involved in such representation. For avoidance of doubt, Outside Counsel does not include any officers, directors or members of Applicant's foundation council, or officer, directors, employees, personnel, trustees, administrators or beneficiaries of Applicant. Concurrent with this Order, Michele Caratsch shall execute an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A, and deliver the same to Intervenor's counsel of record in this case.

6. **Inadvertent or Unintentional Disclosure of Protected Information**

If any Discovery Material is inadvertently or unintentionally disclosed in violation of this Protective Order, such violation shall not be deemed a waiver of its confidentiality.

If any Discovery Material is disclosed, inadvertently or otherwise, to a person other than as permitted by this Protective Order then: (i) the person disclosing the information shall use its best efforts to retrieve the information and ensure that any copies thereof disclosed to such other person or party are promptly destroyed; (ii) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing person; (iii) such person shall be identified immediately to the other Party; and (iv) the person to whom disclosure was made shall be requested to sign an Agreement to Abide by Protective Order in the form of Exhibit A hereto, a copy of which shall be provided to the other Parties.

Nothing in this Section shall affect the Parties' remedies under this Protective Order or otherwise for unauthorized disclosure of Discovery Material.

7. **Disposition of Discovery Material at Conclusion of This Action**

Within the later of sixty (60) days after the final conclusion of the Contemplated Proceeding, any proceedings brought to enforce any money judgment awarded by a Swiss Court in the Contemplated Proceeding, or any proceeding to enforce a Costs Award, or if no Contemplated Proceeding is commenced within 180 days of The Clearing House's production, Outside Counsel for Applicant shall destroy all originals and reproductions of the Discovery Material and Outside Counsel for Applicant shall certify to Intervenors in writing that all such material has been destroyed to the best of its knowledge after due inquiry. In addition, counsel of record in this proceeding shall make reasonable efforts to ensure that any person that has received Discovery Material shall destroy any electronic copies of such Discovery Material within sixty (60) days after the final conclusion of the later of Contemplated Proceeding or any proceeding to enforce a Cost Award, or if no Contemplated Proceeding is commenced within 180 days of the Clearing House's production and certify to Intervenors in writing that all such material has been destroyed to the best of its knowledge after due inquiry. Notwithstanding the foregoing, Outside Counsel are entitled to retain one (1) archival copy of the Discovery Material, which shall remain subject to this Protective Order.

8. **Survival of Obligations**

All of the provisions of this Protective Order shall survive the conclusion of the 1782 Proceeding and shall continue to be binding after the conclusion of the 1782 Proceeding unless subsequently modified by agreement among Applicant and Intervenors or by order of this Court.

The 1782 Proceeding shall be deemed "concluded" when it has finally and completely

terminated under their respective laws.

For purposes of enforcing this Protective Order and resolving any disputes arising hereunder, Applicant and Intervenors consent to continuing jurisdiction of the Court.

**9.    Relief from Protective Order**

Entry of this Protective Order shall be without prejudice to the request by any person:

   a.   for relief from any restriction contained herein;

   b.   for any order compelling or further restricting the production or use of any Discovery Material; or

The Parties may amend or modify any provision of this Order by mutual agreement, which shall become effective when embodied in a written stipulation approved by this Court.

**10.   Persons Bound**

This Order shall take effect when entered and shall be binding upon Applicant, Intervenors, Outside Counsel, and persons made subject to this Order, including those who have executed Exhibit A.

**SO ORDERED.**

Dated: New York, New York April 14, 2021

_____
SIDNEY H. STEIN
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of
DIAMOND FAMILY FOUNDATION,

For an Order to Conduct Discovery for
Use in Foreign Proceedings

Case No. 1:20-mc-00291-SHS

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, state that:

1. My address is _____

_____

2. My present occupation or job description is _____

_____

3. I hereby acknowledge that I have read the PROTECTIVE ORDER in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

4. I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive or have already inadvertently received Discovery Material in this Action and such term is defined in the Protective Order, including Discovery Material that may be designated HIGHLY CONFIDENTIAL_ATTORNEYS' EYES ONLY, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any Discovery Material or any notes containing Discovery Material to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any Discovery Material for any

purpose other than directly associated with my duties in this litigation and as permitted in the Protective Order.

5. I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting Discovery Material in a segregated place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of the any Contemplated Proceedings or the completion of my assigned duties, whereupon the copies, including all electronic copies are to be destroyed. Such destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

6. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, and clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any Discovery Material to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

7. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York ("the **SDNY**") in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER and for no other reason. I consent to such jurisdiction of the court for purposes of enforcement of the Protective Order and for no other reason, and I agree to waive any and all arguments that the SDNY lacks jurisdiction to adjudicate, or is an inconvenient forum for, such a proceeding.

8. I further understand that the PROTECTIVE ORDER is enforceable under the laws of the United States. If I violate the PROTECTIVE ORDER in any manner, I may be subject to remedies and/or penalties as the SDNY deems appropriate.

Signature: _____

Date: _____